MRS. M. V. SHAW *v.* THOMAS R. SHAW.   (No. 25.)*

(*Nashville.*  December Term, 1925.)

1. . CERTIORARI.  Bill of exceptions, signed by judge, but not marked filed, will not be considered (supreme court rule 4; Shannon's Ann. Code, Section 4693; acts 1899, chapter 275).

Under supreme court rule No. 4, a bill of exceptions will not be considered, unless marked filed, even when signed by trial judge during term at which cause was heard, under Shannon's Ann. Code, Section 4693, as well as when signed within thirty day period beyond adjournment, under Acts 1899, chapter 275. (*Post, pp.* 553, 554.)

Acts cited and construed: Acts 1899, ch. 275.

Codes cited and construed: Sec. 4693 (S.).

2. CERTIORARI.  Questions raised for first time on petition to rehear, after expiration of ninety day period, cannot be considered (Shannon's Ann. Code, Section 6322a3).

In view of Shannon's Ann. Code, Section 6322a3, regulating jurisdiction to review final decrees and judgments of court of civil appeals on *certiorari*, court has no jurisdiction to review questions raised for the first time on a petition to rehear, after expiration of ninety days from final decree or judgment. (*Post, p.* 554.)

Code cited and construed: Sec. 6322a3 (S.).

---

*Headnotes 1.   Appeal and Error, 4 C. J., Section 1913; 2.   Certiorari, 11 C. J., Section 340.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the

Court of Civil Appeals from the Supreme Court.—Hon. J. H. Peres, Chancellor.

Joseph H. Norville, for plaintiff.

L. D. Bejach and Jere Horne, for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

Counsel for defendant have presented to us a very earnest petition to rehear, in which they contend, for the first time, that the bill of exceptions was made a part of the record in the cause under the provisions of section 4693 of Shannon's Annotated Code, which is as follows:

"The truth of the case being fairly stated in the bill of exceptions, the judge shall sign the same, which thereupon becomes a part of the record of the cause."

It is contended that, under this statute where the bill of exceptions is signed by the trial judge during the term at which the cause was heard, the bill of exceptions becomes a part of the record without the filing mark of the clerk.

It is further insisted that it is only under chapter 275 of the Acts of 1899, extending the time for signing a bill of exceptions to a period not exceeding thirty days beyond the adjournment of the term, that a bill of exceptions has to be marked filed by the clerk to become effective, as expressly provided by the act.

Conceding the correctness of counsel's contention, this court, by its fourth rule effective January 1, 1913, pro-

vided that the transcript must show the date on which the bill of exceptions was filed. This rule makes no exception, and was likely adopted for the purpose of making the practice uniform, thus requiring all bills of exceptions to be marked filed.

Section 6322a3 of Shannon's Annotated Code, which deals with the authority of this court to review the judgments and decrees of the court of civil appeals, is as follows:

"Such *certiorari* shall not be issued after a lapse of ninety days from the final decree or judgment from the court of civil appeals; and it shall not be awarded or sisued from the supreme court, except upon petition duly sworn to, stating the substance of the case to be decided, accompanied by assignments of error or errors and brief in support thereof. Such *certiorari* may be awarded by the supreme court, or any judge thereof, in term time or vacation."

This court, in several unreported cases in construing this provision of the court of civil appeals Act, has held that only questions presented for review within ninety days can be considered, and that a question raised for the first time upon a petition to rehear, after the expiration of the ninety-day period, is a question over which this court has no jurisdiction.

In this cause the ninety-day period expired September 20, 1925.

For these reasons, the petition to rehear will be denied.